**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **MICHAEL FLETCHER**, individually and on behalf of all others similarly situated, | : : : : | Case No: 1:24-cv-01322 |
| Plaintiff, | : : | Hon. Jane M. Beckering |
| v. | : : | Mag. Ray Kent |
| **PCB BATTLE CREEK LLC**, a limited liability company, | : : : | |
| Defendant. | : | |

## JOINT STIPULATED ORDER FOR DISMISSAL

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Michael Fletcher ("Plaintiff"), individually, and on behalf of others similarly situated and Defendant PCB Battle Creek, LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby enter into the following stipulation and mutually request the Court to enter an order dismissing this action as to Plaintiff's Fletcher and Opt-in Plaintiff Davis' individual claims with prejudice and as to the claims of the putative class/collective members without prejudice in accordance therewith.

1. On December 18, 2024, Plaintiff Fletcher filed his Complaint and Jury Demand alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as Defendant's contractual violations. (ECF No. 1). Plaintiff's Consent to Join Form can be found at ECF No. 1-1, PageID.22.

2. On January 23, 2025, Defendant provided Plaintiff's counsel with a copy of the Collective Bargaining Agreement that governed Plaintiff Fletcher's employment with Defendant.

1

3. On January 29, 2025, the Court entered the Parties' Stipulation and Order Dismissing Counts II and III of Plaintiff's Complaint, which concerned claims for breach of contract and unjust enrichment. (ECF No. 9).

4. Also on January 29th, Defendant filed its Answer to Plaintiff's Complaint, Affirmative Defenses, and Reliance Upon Jury Demand. (ECF No. 12).

5. On February 17, 2025, counsel for the Parties held a Rule 26(f) meet and confer.

6. On February 19, 2025, the Parties filed their Joint Status Report and Scheduling Order. (ECF No. 14).

7. On February 20, 2025, the Court entered a Case Management Order, which provided, among other things, that the Parties had "fourteen (14) days from the date of this Order to jointly choose one mediator from the list of court certified mediators." (ECF No. 15, PageID.94).

8. On March 4, 2025, Defendants produced time and pay records for Plaintiff Fletcher.

9. Also on March 4th, Plaintiff filed a Notice of Filing Consent to Join for Opt-in Plaintiff Robert Davis. (ECF No. 17; ECF No. 17-1).

10. On March 5, 2025, Defendant filed a Notice of the Parties' Selection of a Mutually Agreeable Mediator. (ECF No. 18).

11. On March 6, 2025, Plaintiff served his First Set of Interrogatories and First Set of Requests for Production of Documents on Defendant.

12. On March 12, 2025, Defendant produced time and pay records for Opt-in Plaintiff Davis, as well as documentation regarding another FLSA case in which Opt-in Plaintiff Davis had previously joined that alleged failure to compensate for all overtime hours worked.

13. Starting on March 17, 2025, the Parties started discussions regarding an amicable resolution of the above referenced matter for the sole opt-in plaintiffs in this case – Plaintiff Fletcher and Opt-in Plaintiff Davis.

14. On April 15, 2025, the Parties reached, in principle, an amicable resolution of the above captioned matter. The Parties finalized their agreement on April 22, 2025.

15. In light of the resolution, the Parties wish to effect dismissal of the Complaint as to Plaintiff Fletcher's and Opt-in Plaintiff Davis' individual claims with prejudice and the claims for the putative class/collective members without prejudice.

NOW THEREFORE, the Parties hereby stipulate that pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff's Complaint is dismissed with prejudice as to Plaintiff Fletcher's and Opt-in Plaintiff Davis' individual claims and the Complaint is dismissed without prejudice as to the claims for the putative class/collective members. The Parties agree to bear their own fees and costs associated with dismissal.

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
HON. JANE M. BECKERING

**STIPULATED AND AGREED TO BY:**

| SOMMERS SCHWARTZ, P.C. | JACKSON LEWIS P.C. |
|---|---|
| */s/ Kevin J. Stoops* <br> Kevin J. Stoops (P64371) <br> Alana A. Karbal (P82908) <br> **SOMMERS SCHWARTZ, P.C.** <br> One Towne Square, 17th Floor <br> Southfield, Michigan 48076 <br> Tel: (248) 355-0300 <br> kstoops@sommerspc.com <br> akarbal@sommerspc.com | */s/ Allan S. Rubin (w/ consent)* <br> Allan S. Rubin (P44420) <br> Attorneys for Defendant <br> 2000 Town Center, Suite 1650 <br> Southfield, MI 48075 <br> (248) 936-1900 <br> allan.rubin@jacksonlewis.com |

|  |  |
|---|---|
| Jonathan Melmed *(Pro Hac Vice forthcoming)*<br>Laura Supanich *(Pro Hac Vice forthcoming)*<br>**MELMED LAW GROUP P.C.**<br>1801 Century Park East, Suite 850<br>Los Angeles, CA 90067<br>Tel: (310) 824-3828<br>jm@melmedlaw.com<br>lms@melmedlaw.com<br><br>*Attorneys for Plaintiff and the Putative Plaintiffs* |  |

## CERTIFICATE OF SERVICE

I certify that on April 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Kevin J. Stoops*
Kevin J. Stoops